UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-25311-GAYLES

ROCHELLE DRIESSEN,

        Plaintiff,

v.

MIAMI-DADE COUNTY SCHOOL
BOARD,

        Defendant,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing *pro se*, filed this action on December 30, 2020 [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Independent of its duty under Section 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court is obligated to consider *sua sponte* whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); accord Fed. R. Civ. P. 12(h)(3).

In her Complaint, Plaintiff alleges that Defendant defamed her during a state court proceeding when Defendant asked the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") to find her a vexatious litigant based on the rulings in dozens of federal court cases.[1] Plaintiff asserts that, based on Defendant's request, the State Court entered a judgment designating her a vexatious litigant.[2]

Plaintiff appears to allege that, in informing the State Court of her history of frivolous and vexatious litigation, Defendant defamed her. Plaintiff cites, as a basis for this Court's jurisdiction, 28 U.S.C. § 4101, a federal statute setting forth the definition of "Defamation" as it relates to registration of Foreign Defamation Judgments. Plaintiff seeks $200,000 in monetary damages as well as an injunction prohibiting Defendant from referencing the list of Plaintiff's prior, frivolous federal court lawsuits.

---

[1] Plaintiff has filed dozens of frivolous actions in this Court. *See Driessen v. Holocaust Claim Processing Ctr.*, Case No. 20-CV-24935-UU, ECF No.4, n.1 (listing the frivolous actions Plaintiff has filed in the Southern District of Florida).
[2] The Florida Third District Court of Appeal affirmed the State Court's judgment. The Florida Supreme Court declined to review the appeal.

Based on the allegations in Plaintiff's Complaint, it does not appear that the Court has subject matter jurisdiction over Plaintiff's claims. Despite citing an inapposite federal statute, Plaintiff raises only a state law claim of defamation against Defendant. As a result, the Court has no federal question jurisdiction under 28 U.S.C. § 1331. Moreover, it appears that diversity is lacking between Plaintiff and Defendant such that this Court has no diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, this action must be dismissed for lack of subject matter jurisdiction.

In addition, the Court finds that the *Rooker–Feldman* doctrine bars the Court's exercise of jurisdiction over this action. "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine bars federal claims raised in the state court and claims "inextricably intertwined" with the state court's judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1932). "A claim is inextricably intertwined if it would effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (internal citations and quotations omitted).

Here, Plaintiff appears to ask this Court to find that the State Court wrongly decided the issues. Indeed, any ruling from this Court regarding Defendant's purported defamation of Plaintiff is inextricably intertwined with the State Court's judgment finding Plaintiff a vexatious litigant. As a result, the *Rooker-Feldman* doctrine bars this Court's review of Plaintiff's claims.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE